UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OWNER-OPERATOR INDEPENDENT DRIVERS ASSOCIATION, INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED VAN LINES, LLC, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)  No. 05 CV 10317 MLW<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS' RULE 12(b)(6) MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

COME NOW defendants United Van Lines, LLC ("United"), Vanliner Insurance Company ("Vanliner"), and UniGroup, Inc. ("UniGroup") and respectfully move to dismiss each count of plaintiffs' Class Action Complaint pursuant to Fed. R. Civ. P. 12(b)(6).[1] In support thereof, defendants state as follows:

1.  The Complaint herein purports to allege the following claims under the federal leasing regulations codified at 49 C.F.R. Part 376:

   *Count I*— alleged unauthorized deductions from owner-operator compensation, in purported violation of 49 C.F.R. § 376.12(d);

   *Count II*— alleged failure to provide owner-operators with rated freight bills or similar documents, in purported violation of 49 C.F.R. § 376.12(g);

   *Count III*— alleged improper pass-through of public liability/property damage insurance costs to owner-operators, in purported violation of 49 C.F.R. § 376.12(j)(1); and

---

[1] Defendant UniGroup is concurrently moving to dismiss all claims against it for lack of personal jurisdiction. If its personal jurisdiction motion is not granted, then it joins in the present motion.

> *Count IV*— alleged failure to monitor and oversee the business practices of United's independent agents, in purported violation of 49 U.S.C. § 13907 and 49 C.F.R. § 376.12(m).

Each of these counts is legally deficient and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for the reasons summarized below.

2. Count I fails to state a claim because the named plaintiffs do not allege that they were subject to the challenged compensation practices described in this count. To establish standing to sue under Article III of the U.S. Constitution, plaintiffs must allege ultimate facts sufficient to support an inference that **they**—as opposed to United's agents or unnamed members of the putative class—suffered an injury fairly traceable to the conduct of which they complain.

3. Count II should be dismissed because plaintiffs set forth no facts suggesting that the alleged failure of United's agents to supply them with rated freight bills caused them (or indeed, any other owner-operator) any cognizable harm. 49 U.S.C. § 14704(a), the statute under which plaintiffs purport to sue, expressly provides that "damages" is an essential element of plaintiffs' claimed private right of action.

4. Count III should be dismissed because plaintiffs' attempt to challenge the standard industry practice of passing through to owner-operators the cost of liability insurance coverage for owner-operators' acts and omissions is legally baseless. In fact, the very leasing regulation upon which Count III is based, 49 C.F.R. § 376.12(j)(1), expressly permits motor carriers to charge back the cost of "any insurance" to the owner-operators from whom they lease equipment. *See* 49 C.F.R. § 376.12(j)(1). Conversely, there is no precedent or support for plaintiffs' attempt to obtain 100% cost-free liability insurance by means of judicial decree rather than through the contract negotiation process.

5.  Count IV, styled "Failure to Monitor and Control the Actions of Local Agents," is properly dismissed because neither the cause of action nor the sweeping "accounting" remedy plaintiffs seek exist as a matter of law.  Specifically, the federal statute pursuant to which this count is brought, 49 U.S.C. § 13907, does not provide a private right of action and in fact expressly restricts enforcement authority to the U.S. Department of Transportation.  Moreover, neither the statute nor the leasing regulations establish or contemplate a so-called "duty" on the part of motor carriers to "monitor and oversee the business practices" of their independent agents, as plaintiffs erroneously claim.  Indeed, Congress has for decades refused to interfere with the business relationships between motor carriers and their agents.

6.  Accordingly, because none of plaintiffs' claims in this case states a legally cognizable cause of action, their Complaint should be dismissed pursuant to Fed. R. Civ. 12(b)(6).

7.  In further support of this Motion, defendants incorporate herein by reference their accompanying memorandum of law, together with the following exhibits attached hereto:

   a.  Ex. A – H.R. Rep. No. 1372, *reprinted in* U.S.C.C.A.N. 4271;

   b.  Ex. B – Entry Regarding Motions for Partial Summary Judgment in *OOIDA et al. v. Mayflower Transit, LLC,* No. IP98-0457 and No. IP98-0458, slip op. (S.D. Ind. Dec. 14, 2004);

   c.  Ex. C – Entry on Plaintiffs' Motion to Compel in *OOIDA, et al. v. Mayflower Transit, LLC,* No. IP98-045 and No. IP98-0458, slip op. (S.D. Ind. Oct. 20, 1998).

**LOCAL RULE 7.1(A)(2) CERTIFICATE**

8.  Michael Morris, one of the counsel for defendants herein, conferred with David A. Cohen, one of the counsel for plaintiffs, on April 29, 2005 in a good faith but unsuccessful effort to resolve or narrow the issues presented by this Motion.

## REQUEST FOR ORAL ARGUMENT

9.      Defendants believe that oral argument on the present Motion would be beneficial to the parties and would assist the Court in its determination of the issues presented. Accordingly, pursuant to Local Rule 7.1(d), defendants request the Court to schedule oral argument on this Motion.

WHEREFORE, defendants United Van Lines, LLC, Vanliner Insurance Company, and UniGroup, Inc. respectfully request this Court to dismiss each count of plaintiffs' Class Action Complaint with prejudice and at plaintiffs' costs, and for such other and further relief as may be appropriate in the circumstances.

Respectfully submitted,

SALLY & FITCH LLP


By:  /s/ *Jennifer E. Greaney*
    Francis J. Sally (BBO # 439100)
    Jennifer E. Greaney (BBO # 643337)
    225 Franklin Street
    Boston, Massachusetts 02110
    (617) 542-5542 (phone)
    (617) 542-1542 (facsimile)

    THOMPSON COBURN LLP
    David Wells (*pro hac vice* app. pending)
    Michael J. Morris (*pro hac vice* app. pending)
    Rebecca A. Pinto (*pro hac vice* app. pending)
    One U.S. Bank Plaza
    St. Louis, MO 63101
    (314) 552-6000 (phone)
    (314) 552-7000 (facsimile)


    Attorneys for Defendants United Van Lines, Vanliner Insurance Company, and UniGroup, Inc.

## CERTIFICATE OF SERVICE

 The undersigned hereby certifies that a copy of the foregoing Defendants' Rule 12(b)(6) Motion to Dismiss Plaintiffs' Class Action Complaint has been served upon the following counsel of record this 2nd day of May, 2005, by U.S. Mail first class postage prepaid.

  Paul D. Cullen, Sr.
  David A. Cohen
  Susan Van Bell
  THE CULLEN LAW FIRM, PLLC
  1101 30th Street, N.W., Suite 300
  Washington, DC 20007

  John A. Kiernan
  Kenneth H. Naide
  BONNER KIERNAN TREBACH & CROCIATA
  One Liberty Square, 6th Floor
  Boston, MA 02109
  (617) 426-3900

          /s/ *Jennifer E. Greaney*
          Jennifer E. Greaney