UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OWNER-OPERATOR INDEPENDENT DRIVERS ASSOCIATION, INC., NORMAN PELLETIER, MATTHEW O. BULLARD, SR., DENNIS A. LEE, <br><br>    Plaintiffs, <br><br>vs. <br><br>UNITED VAN LINES, LLC, VANLINER INSURANCE COMPANY, and UNIGROUP, INC., <br><br>    Defendants. | Case No. 4:06 CV 219 JCH |

**<u>MEMORANDUM AND ORDER</u>**

    This matter is before the Court on Defendants' Motions to Dismiss. (Doc. Nos. 5, 8). This case is a putative class action brought by independent truck owner-operators against a motor carrier and two of its corporate affiliates. Plaintiffs allege violations of various statutes and regulations that govern the trucking industry. Defendants move the Court to dismiss the non-motor carrier defendants, and to dismiss all counts against all defendants for failure to state a claim upon which relief can be granted. For the reasons stated below, the Court grants in part and denies in part the Motion to Dismiss for failure to state a claim upon which relief can be granted, and grants the Motion to Dismiss the non-motor carrier defendants.

**BACKGROUND**

In the trucking industry, many truckers own their own heavy-duty trucks. (Complaint Doc. No. 1 ¶ 4). These "owner-operators" lease the trucks and their services as drivers[1] to carriers, such as Defendant United Van Lines, through local agents of the carriers. (Id. ¶¶ 4-8). This relationship is governed by a series of statutes and regulations. (Id. ¶¶ 13-18).

Plaintiffs are three owner-operators and the Owner-Operators Independent Drivers Association ("OOIDA"), a non-profit trade association whose members are owner-operators and other professional truckers.[2] (Id. ¶ 4). Defendants are carrier United Van Lines ("United") a wholly owned subsidiary of Defendant UniGroup, UniGroup, which is owned and operated by local agents for Defendant United and Mayflower Transit, and Vanliner Insurance ("Vanliner"), a wholly owned subsidiary of UniGroup that provides insurance for the moving industry. (Id. ¶¶ 8-10).

Plaintiffs filed their original Complaint in the United States District Court for the District of Massachusetts. (Doc. No. 1). On Defendants' motion, the Massachusetts court transferred the action to this district, pursuant to 28 U.S.C. § 1404. (Order, Doc. No. 35, attached exh. 34). The instant Motions to Dismiss (Doc. Nos. 5, 8) were filed on May 2, 2005, while the case was still in Massachusetts. The matters are now ready for disposition.

**DISCUSSION**

In ruling on a motion to dismiss, the Court must view the allegations in the Complaint in the light most favorable to Plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). A cause of action

---

[1] The Court will use the terms "owner-operator" and "driver" interchangeably.

[2] Plaintiffs sue on their own behalf and on behalf of a putative class. (Doc. No. 1 ¶ 19).

2

should not be dismissed for failure to state a claim unless, from the face of the Complaint, it appears beyond a reasonable doubt that Plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co., Inc. v. United States, 580 F.2d 302, 306 (8th Cir. 1978). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982).

The Court will separately address Defendants's arguments regarding each count.

### I. Undisclosed Deductions from Compensation

Plaintiffs allege that Defendant United "makes undisclosed and unauthorized downward adjustments to the revenue base upon which [Plaintiff's] compensation is calculated" in violation of federal Truth-in-Leasing regulations. (Complaint, Doc. No. 1 ¶ 28). Specifically, Plaintiffs assert that United's actions violate 49 C.F.R. § 376.12(d), which requires that the amount to be paid to the driver must be clearly set out on the face of the lease.[3]

---

[3] The provision states:
> Compensation to be specified. The amount to be paid by the authorized carrier for equipment and driver's services shall be clearly stated on the face of the lease or in an addendum which is attached to the lease. Such lease or addendum shall be delivered to the lessor prior to the commencement of any trip in the service of the authorized carrier. An authorized representative of the lessor may accept these documents. The amount to be paid may be expressed as a percentage of gross revenue, a flat rate per mile, a variable rate depending on the direction traveled or the type of commodity transported, or by any other method of compensation mutually agreed upon by the parties to the lease. The compensation stated on the lease or in the attached addendum may apply to equipment and driver's services either separately or as a combined amount.

49 C.F.R. § 376.12(d).

3

Defendants contend that Plaintiffs do not have standing to assert this claim because the Plaintiffs did not allege that they were harmed by Defendants' alleged violation. (Memorandum in Support of Motion to Dismiss, Doc. No. 6, at 8). They further assert that, because United pays the owner-operators through its local agents, only the local agents have standing to assert this claim. (Id.).

There are three elements to the requirement of Article III standing:

> First, the plaintiff must have suffered an injury in fact--an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of--the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

American Ass'n. of Orthodontists v. Yellow Book USA, Inc., 434 F.3d 1100, 1103 (8th Cir. 2006) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61, 112 S.Ct. 2130 (1992)).

Plaintiffs do allege that "United has systematically failed to compensate named Plaintiffs properly." (Complaint, Doc. No. 1 ¶ 28). In addition, Plaintiffs allege that "United calculates driver compensation for all drivers under lease to United or to United's local agents using its own computers, and United reports its calculations to local agents who rely on those calculations when making compensation for drivers." (Complaint, Doc. No. 1 ¶ 29). Finally, Plaintiffs aver that, "[a]s a direct and proximate result of the violations of 49 C.F.R. § 376.12(d) and the preamble, Named Plaintiffs and other similarly situated owner-operators are being deprived of compensation rightfully belonging to them and have incurred and are incurring substantial monetary damages." (Complaint, Doc. No. 1 ¶ 35). Plaintiffs, however, fail to allege how the allegedly reduced payments to the agents result in reduced payments to them. The Court grants Plaintiffs leave to amend Count I to allege how

4

they incurred monetary loss due to the alleged nondisclosure.

Defendants' Motion to Dismiss Count I is granted, and Plaintiffs are granted leave to replead Count I with more specificity.

II.     **Failure to Provide Rated Freight Bills**

Plaintiffs next allege that United violates the leasing regulations by failing to provide rated freight bills or other required documents. (Complaint, Doc. No. 1 ¶¶ 36-41). Defendants move to dismiss this count because they assert that Plaintiffs have sustained no damages, which are a prima facie element of this cause of action. (Memorandum in Support of Motion to Dismiss, Doc. No. 6, at 10). They assert that Plaintiffs allege a technical regulatory violation for which monetary relief is unavailable. (Id. at 11).

Plaintiffs, however, allege that drivers' compensation is based on information contained in the freight bills, and that failure to disclose this information makes them unable to "verify the accuracy of their compensation." (Complaint, Doc. No. 1 ¶¶ 37, 40). They further allege that they are being "deprived of compensation rightfully belonging to them and have incurred substantial monetary damages." (Id. ¶ 41). These allegations are sufficient to withstand a motion to dismiss.

Defendants' Motion to Dismiss Count II is denied.

III.    **Improper Chargebacks of Insurance Costs**

In Count III, Plaintiffs allege that United improperly passes public liability and property damage insurance costs on to the drivers. (Complaint, Doc. No. 1 ¶¶ 42-46). Defendants argue that this Count must be dismissed because motor carriers are permitted, pursuant to 49 C.F.R. §

376.12(j)(1), to pass on the costs of public liability and property damage insurance. (Memorandum in Support of Motion to Dismiss, Doc. No. 6, at 12).

The relevant provision states:

> The lease shall clearly specify the legal obligation of the authorized carrier to maintain insurance coverage for the protection of the public pursuant to FMCSA regulations under 49 U.S.C. 13906. The lease shall further specify who is responsible for providing any other insurance coverage for the operation of the leased equipment, such as bobtail insurance. If the authorized carrier will make a charge back to the lessor for any of this insurance, the lease shall specify the amount which will be charged-back to the lessor.

49 C.F.R. § 376.12(j)(1).

Carriers are required to maintain liability insurance on their trucks. 49 U.S.C. § 13906. The parties dispute who pays for this insurance. Plaintiffs contend that 49 C.F.R § 376.12(j)(1) expressly treats public liability and property damage insurance differently from other forms of insurance. In support of this, they point to the first sentence, which requires carriers to "maintain" public liability and property damage insurance, and the second sentence, which allows carriers and drivers to contract for who is responsible for providing other optional insurance. They assert that the phrase "any of this insurance" in the third sentence refers only to the other optional insurance, not to the required public liability and property damage insurance.

The Eighth Circuit has stated that the "starting point in interpreting a statute is always the language of the statute itself." United States v. S.A., 129 F.3d 995, 998 (8th Cir.1997). If it is otherwise unambiguous, the statute's plain meaning controls. Hennepin County Med. Ctr. v. Shalala, 81 F.3d 743, 748 (8th Cir.1996). "A fundamental canon of statutory construction is that, unless otherwise defined, words will be interpreted as having their ordinary, contemporary, common meaning." United States v. Fountain, 83 F.3d 946, 952 (8th Cir.1996).

The Court disagrees with Plaintiffs and finds that the plain language of 49 C.F.R. § 376.12(j)(1) permits carriers to charge back the costs of public liability and property damage insurance. The first sentence establishes that all carriers must maintain public liability and property damage insurance. The second sentence provides that carriers and drivers may decide who is responsible for maintaining other insurance, such as bobtail insurance.[4] The third sentence permits the carrier to charge back to the driver "any of this insurance." The inclusion of the word "any" and the exclusion of the word "other" signify that "this insurance" refers to all insurance referenced in the paragraph, not just to the insurance discussed in the previous sentence. The phrase "any of this insurance" refers to both the required public liability and property damage insurance and the optional other forms of insurance.[5]

As carriers are permitted as matter of law to pass on the costs of public liability and property damage insurance, Defendants' Motion to Dismiss Count III is granted.

## IV. Failure to Monitor and Control Local Agents

In the final Count, Plaintiffs allege that United's local agents have engaged in a pattern and practice of violating the Truth in Leasing regulations, and that United has failed to monitor its local agents and thus prevent the alleged violations. (Complaint, Doc. No. 1 ¶¶ 47-52). Defendants move the Court to dismiss this Count, asserting that there is no cause of action for failing to monitor agents.

---

[4] Bobtail insurance covers drivers when they are driving their trucks but not on dispatch from a carrier, it "broadly encompasses the 'non-trucking use' of a vehicle." Am. Jur. Auto Insur. § 261.

[5] Another district court in the Southern District of Indiana recently came to the same conclusion when presented with the same arguments. (Owner-Operators Indep. Drivers Assoc. v. Mayflower Transit, Inc., No. IP 98-458-C B/S (S.D. Ind. Sept. 26, 2005); Slip Opinion, Doc. No. 13, attached exh. A).

(Memorandum in Support of Motion to Dismiss, Doc. No. 6, at 21).  In their response, Plaintiffs correctly point out that 49 C.F.R. § 376.12(m) provides that "the authorized carrier is obligated to ensure that these owners [whose equipment is leased by an agent] receive all the rights and benefits due an owner under the leasing regulations."

While it is true that a carrier may be liable for the violations of its agents, <u>Owner-Operator Indep. Drivers Ass'n v. Mayflower Transit, Inc.</u>, 161 F.Supp.2d 948, 958 (S.D. Ind. 2001), the provision does not create a separate cause of action.  Plaintiffs allegations are broad and vague:

> 50.  United's local agents have engaged in a pattern and practice of conduct that systematically violates the federal Truth-in-Leasing regulations including compensation, charge-back, escrow and insurance related violations under 49 C.F.R. § 376.12(introductory paragraph),(d),(g),(h),(i),(j) and (k).  All of these unlawful activities have been made possible on account of the failure of Defendant United to fulfill its responsibilities under 39 U.S.C. § 13907 and 49 C.F.R. § 376.12(m).

(Complaint, Doc. No. 1).  Plaintiffs have not pled a cause of action.  They do not identify specific unlawful conduct by Defendants or Defendant United's agents.  Furthermore, they identify no conduct that has specifically harmed any of the named Plaintiffs.

Defendants' Motion to Dismiss Count IV is granted.

**V.     Non-Carrier Defendants**

Defendants Vanliner and UniGroup bring a separate Motion to Dismiss, asserting that, as non-carriers, they are not liable under 49 C.F.R. § 376.12.[6]  (Motion to Dismiss, Doc. No. 8).  Plaintiffs seek to impose liability on Vanliner and UniGroup as affiliates of United.  (Complaint, Doc. No. 1

---

[6] Defendant UniGroup is the parent holding company of Defendant United.  (Complaint, Doc. No. 1 ¶ 8).  UniGroup is owned by local agents for Defendant United and Mayflower Transit, LLC.  (Id. ¶ 10).  Defendant Vanliner Insurance Company is a wholly owned subsidiary of Vanliner Group, which is a wholly owned subsidiary of Defendant UniGroup.  (Id. ¶ 9).

8

¶ 12 ("Defendants... with their interlocking boards of directors and corporate officers, and with their common ownership, are affiliated entities and operate a seamless business enterprise.")).[7]

By their plain language, these regulations govern only the actions of the carriers themselves. See 49 C.F.R. § 376.1 ("The regulations in this part apply to the following actions by motor carriers..."); 49 C.F.R. § 376.11 ("the authorized carrier may perform authorized transportation in equipment it does not own only under the following conditions..."); 49 C.F.R. § 376.12 ("The required lease provisions shall be adhered to and performed by the authorized carrier...").

Plaintiffs rely on a formal adjudication by the Interstate Commerce Commission (the "ICC"), holding that a carrier must comply with the federal Truth-in-Leasing regulations concerning the activities of its affiliates. Dart Transit. Co., 9 I.C.C. 701, 706 (1993). They also point to a district court's reliance on Dart, bringing a carrier's affiliate under the provisions of the Motor Carriers Act. Owner-Operator Independent Drivers Ass'n, Inc. v. Arctic Express, Inc., 87 F.Supp.2d 820, 829 (S.D. Ohio 2000).

Both Dart and Arctic Express are distinguishable from the instant case. In both Dart and Arctic Express, the affiliates were alleged to be engaging in activities prohibited to carriers under the regulations. Discussing the ICC's holding in Dart, the court in Arctic Express explained: "The Commission's findings prevent registered carriers from taking advantage of a potential loophole in the Act. If this loophole is not closed, a registered carrier could create a non-registered business entity and thereby avoid the regulations promulgated under the Motor Carriers Act." Arctic Express, 87 F.Supp.2d at 828-29. In both Dart and Arctic Express, the affiliate was a party to an equipment leasing agreement. Id.

---

[7] Plaintiffs do not argue that the corporate veil should be breached.

Here, Plaintiffs do not allege that either UniGroup or Vanliner are a party to a leasing agreement, or otherwise independently violate any provision of the Truth-in-Leasing regulations. They argue that the regulations are "applicable to any abuses resulting in violations of the Truth-in-Leasing regulations as a result of collusion between a carrier and an affiliate." (Opposition to Motion to Dismiss, Doc. No. 10, at 5). Plaintiffs allege that this collusion comes from the intertwined nature of the ownership, officers, and employees of United, UniGroup and Vanliner. (Complaint, Doc. No. 1 ¶¶ 8-12).

The reason that Dart and Arctic Express allowed carrier regulations to extend to affiliates of carriers was to prevent carriers from exploiting a loophole. Arctic Express, 87 F.Supp.2d at 828-29. Otherwise, carriers would have had a simple method to avoid the Truth-in-Leasing regulations, by setting up an affiliated business that was not a carrier. Here, that danger does not exist. All of the allegations against UniGroup and Vanliner are also alleged against United.[8] (Complaint, Doc. No. 1). Because Plaintiffs do not allege that United is exploiting a loophole that cannot be remedied without applying the regulations to affiliates, the Court sees no reason to extend Dart and Arctic Express beyond their holdings.

Defendants UniGroup and Vanliner's Motion to Dismiss (Doc. No. 8) is granted.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss Counts I, III, and IV (Doc.

---

[8] Vanliner is only mentioned in Count III, which was dismissed in Section III of this Order. UniGroup is not mentioned at all in the four counts of the Complaint. (Complaint, Doc. No. 1).

10

No. 5) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Count II (Doc. No. 5) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs are given until **Friday, July 21, 2006** to file an Amended Complaint, pleading Count I with greater specificity, in accordance with this Order.

**IT IS FURTHER ORDERED** that Defendants UniGroup and Vanliner's Motion to Dismiss all counts against them (Doc. No. 8) is **GRANTED**.

Dated this 6th day of July, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE