UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OWNER-OPERATOR INDEPENDENT DRIVERS ASSOCIATION, INC., et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED VAN LINES, LLC, )<br>)<br>Defendant. ) | No. 4:06CV219 JCH |

### DEFENDANT'S MOTION TO REFER TO ARBITRATION

COMES NOW Defendant United Van Lines, LLC ("United") and respectfully moves this Court to (1) refer plaintiffs' claims to arbitration in accordance with the parties' valid and enforceable written agreements to arbitrate, and (2) stay all further proceedings herein pending final resolution of all arbitration proceedings. In support thereof, United states as follows:

1. In this putative nationwide class action, plaintiffs allege that defendant United and its hundreds of independent agents violated federal regulations governing motor carriers' leases of transportation equipment from independent contractor owner-operators such as plaintiffs. These federal leasing regulations are codified at 49 C.F.R. Part 376.

2. Plaintiffs seek to recover damages on behalf of all owner-operators who entered into lease agreements with United or its independent agents.

3. Plaintiffs, however, have filed this case in the wrong forum. United's current form of lease with its independent owner-operators includes an express agreement that "[a]ny dispute…arising in connection with…this Agreement, **including any allegations…of violations of…the federal leasing regulations,** …**shall** be fully and finally resolved by arbitration…."

*See Ex. A attached hereto, at §24(a)*(emphasis added). United believes that most if not all of its independent agents' current leases also include a similar mandatory arbitration clause.

4. Plaintiffs' federal leasing regulation claims in this action are squarely encompassed by the above-quoted agreement to arbitrate. The Supreme Court and Eighth Circuit have repeatedly held that such arbitration agreements are to be rigorously enforced and liberally construed in favor of arbitration. *See Mem. in Supp. of Defendant's Motion to Refer to Arbitration ("Def's. Mem."), at 2-3.*

5. The party seeking to avoid arbitration bears the burden of proving that the arbitration agreement does not apply to the parties' disputes, or that the agreement is invalid or unenforceable. *Def's. Mem. at 3-4.*

6. The Federal Arbitration Act, 9 U.S.C. §1 *et seq.* ("FAA"), expressly provides that written arbitration agreements "shall be valid, irrevocable, and enforceable." Here, the sole potential exemption from this statutory mandate is a narrow and limited exemption for "contracts of employment" of interstate transportation workers. As a matter of law, however, this exemption does not apply to owner-operators such as the plaintiffs in this case.

7. Well-reasoned federal precedent confirms that owner-operators are independent contractors (not employees) of the motor carriers to whom they lease their truck and professional driving services. Accordingly, the statutory exemption for "contracts of <u>employment</u>" of transportation workers is inapplicable in this case, and the parties' agreement to arbitrate is fully enforceable under the FAA. *Def's. Mem., at 6-13.*

8. Referral of the present case to arbitration is also required by Missouri's Uniform Arbitration Act, Mo.Rev.Stat. §435.350 *et seq.* ("UAA"), independent of the FAA. The parties'

lease agreement provides that if the FAA "is held not to apply, the arbitration of the laws of the State of Missouri" shall govern. *Ex. A, at §24(a)*.

9. Missouri has an equally strong policy favoring the enforcement of arbitration agreements. Moreover, Missouri's arbitration statute—unlike the FAA—does **not** have an exemption for "contracts of employment" of transportation workers. Thus, regardless of the applicability of the FAA, the arbitration agreement in this case is valid and enforceable under Missouri law. *Def's. Mem., at 13-16*.

10. The parties' arbitration agreement provides that "no consolidated or class arbitrations shall be conducted." *Ex. A, at §24(b)*. Settled and well-reasoned case law, by the Eighth Circuit and numerous other federal courts, confirms that such contractual provisions are valid and enforceable. *Def's. Mem., at 16-17*.

11. Finally, even if a portion of some individual putative class members' claims may be outside the scope of arbitration, further proceedings in this case should be stayed pending resolution of the arbitration proceedings. The FAA mandates such a stay of proceedings for the entirety of a civil "action," and not merely arbitral "claims" or "issues"—and especially if the judicial action presents issues which will first be addressed by the arbitrator. *Def's. Mem. at 17-18*.

12. In further support of this Motion, United incorporates herein its accompanying Memorandum of Law, and the following exhibits attached hereto:

- Exhibit A—United's current form of owner-operator lease agreement (Note: this confidential document is being filed separately and under seal, pursuant to this Court's Stipulated Protective Order entered June 15, 2006);

- Exhibit B—*Renteria v. K & R Transp., Inc.*, slip op., No. CV-98-290 (C.D. Cal. Aug. 20, 1999); and

- Exhibit C—*OOIDA v. Allied Holdings, Inc.*, slip op., No. 1:03-CV-1698 (N.D. Ga. March 11, 2004), *aff'd* 120 Fed. Appx. 786 (11th Cir. 2004).

WHEREFORE, defendant United Van Lines, LLC respectfully requests this Court to (1) refer plaintiffs' claims to arbitration in accordance with valid and enforceable agreements to arbitrate; (2) stay all further proceedings herein pending final resolution of such arbitration proceedings; and (3) grant United such other and further relief as may be appropriate in the circumstances.

Respectfully submitted,

THOMPSON COBURN LLP

By: /s/ Michael J. Morris
David Wells
Michael J. Morris
Rebecca A. Pinto
One U.S. Bank Plaza
St. Louis, MO 63101
(314) 552-6000 (phone)
(314) 552-7000 (facsimile)

Attorneys for Defendant United Van Lines, LLC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 1st day of September, 2006, the foregoing Defendant's Motion to Refer to Arbitration was electronically filed with the Clerk of the Court using the CM/ECF system, which in turn forwarded the same to the following counsel of record:

Paul D. Cullen, Sr.
David A. Cohen
THE CULLEN LAW FIRM, PLLC
1101 30th Street, N.W., Suite 300
Washington, DC 20007

James G. Nowogrocki
REEG & NOWOGROCKI, L.L.C.
120 South Central, Suite 750
St. Louis, MO 63105

/s/ Michael J. Morris