UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OWNER-OPERATOR INDEPENDENT DRIVERS ASSOCIATION, INC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 4:06-CV-219 (JCH) ) |
| UNITED VAN LINES, LLC, | ) ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

The matter is before the Court on Defendant's Renewed Motion for Partial Summary Judgment on Time Limitation Issues (Doc. No. 73), filed March 7, 2007. The matter is fully briefed and ready for a decision.

**BACKGROUND**

By way of background, in the trucking industry, many truckers own their own heavy-duty trucks. ( First Am. Compl., Doc. No. 50 ¶ 3). These owner-operators lease their trucks and services as drivers to carriers, such as Defendant. (Order, Doc. No. 44 pg. 2). This relationship is governed by a series of federal laws and regulations. (Id.).

Plaintiffs are three individual owner-operators and the Owner-Operator Independent Drivers Association, a non-profit trade association whose members are owner-operators and other truckers. (First Am. Compl., Doc. No. 50 ¶ 3). Plaintiffs contend that they are members of a class of owner-operators who leased their trucks to Defendant, a motor carrier that transports property in interstate commerce. (Id. at ¶ 7, 14).

Plaintiffs filed their initial Complaint on February 16, 2005 alleging that their leases with Defendant, and those of similarly situated owner-operators, violated the federal Truth-in-Leasing regulations, 49 C.F.R. § 376, which are enforceable by private action under 49 U.S.C. § 14704. (First Am. Compl., Doc. No. 50 ¶ 1, 14). In its Motion for Partial Summary Judgment, Defendant asserts that Plaintiffs are time-barred from pursuing any claims arising before February 16, 2003 and cannot recover on any claim based on a lease executed before January 1, 1996. (Doc. No. 47).[1]

**SUMMARY JUDGMENT STANDARD**

The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.

A moving party always bears the burden of informing the Court of the basis of its motion. Celotex, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); Anderson, 477 U.S. at

---

[1]Defendant originally filed its Motion for Partial Summary Judgment on July 7, 2006 (Doc. No. 46), which the parties fully briefed. The Court denied this motion without prejudice after staying the case on November 15, 2006. (Doc. No. 66). On March 5, 2007, the Court lifted the stay and Defendant renewed its motion. (Order of March 5, 2007, Doc. No. 69; Renewed Mot. for Sum. J., Doc. No. 73).

247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. Anderson, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. Id. at 255. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. Id. at 249.

## DISCUSSION

**A.    Statute of Limitations**

Defendant acknowledges that Plaintiffs' claims for damages are authorized by 49 U.S.C. § 14704(a)(2), but asserts that any claim arising before February 16, 2003 is time-barred by § 14705(c). Specifically, Defendant asserts that § 14705(c) contains a scrivener's error that mistakenly references § 14704(b) instead of § 14704(a). Plaintiffs allege that 28 U.S.C. § 1658[2], the catch-all statute of limitations, applies because §14705 does not prescribe a limitations period for § 14704(a)(2).

When interpreting statutory law, a federal court's objective "is to give effect to the intent of Congress." United States v. McAllister, 225 F.3d 982, 986 (8th Cir. 2000). Analysis of a statute must begin with its plain language, and if unambiguous, "that language is conclusive absent legislative intent to the contrary." In re M & S Grading, Inc., 457 F.3d 898, 901 (8th Cir. 2006). Reading a statute contrary to its plain meaning is permissible, however, if "the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." United States v. Ron Pair Enters., Inc., 489 U.S. 235, 242 (1989); In re Kolich, 328 F.3d 406, 410 (8th Cir. 2003)("[c]ourts

---

[2]This provision states:
Except as otherwise provided by law, a civil action arising under an Act of Congress enacted after the date of the enactment of this section may not be commenced later than 4 years after the cause of action accrues.
28 U.S.C. § 1658(a).

are not required to follow literal language where it would produce an outcome at odds with the purpose of Congress and where the result stems merely from an unintended quirk in drafting.")(quotations omitted); Hodgson v. Board of County Com'rs, 614 F.2d 601, 612 (8th Cir. 1980)(holding literal application of statute not necessary where it is "plainly at variance with the policy of the legislation as a whole"). The Supreme Court instructs that "[i]n such cases, the intention of the drafters, rather than the strict language, controls."[3] Ron Pair Enters, 489 U.S. 235 at 242. Courts have created this exception because statutory construction is a "holistic endeavor." United States Nat'l Bank of Oregon v. Indep. Ins. Agents of Am., Inc., 508 U.S. 439, 444 (1993). A statute should be construed in a way that "no clause, sentence, or word shall be superfluous, void, or insignificant."Duncan v. Walker, 533 U.S. 167, 174 (2001); see Cody v. Hillard, 304 F.3d 767, 776 (8th Cir. 2002). Finally, the Supreme Court holds that "[t]here is no cannon against using common sense in construing laws as saying what they obviously mean." Koons Buick Pontiac GMC, Inc. v. Nigh, 543 U.S. 50, 63 (2004)(quoting Roschen v. Ward, 279 U.S. 337, 339 (1929)(Holmes, J.)); see id. at 65 (Stevens, J., concurring)(stating that a court can "escape" an unambiguous statutory text "by using common sense.").

Sections 14704, 14705 were both enacted as part of the Interstate Commerce Commission Termination Act of 1995 ("ICCTA"), Pub. L. No. 104-88, 109 Stat. 803 (1995), which provides:

> **Damages for violations**.--A carrier or broker providing transportation or service subject to jurisdiction under chapter 135 is liable for damages sustained by a person as a result of an act or omission of that carrier or broker in violation of this part.

---

[3]Courts are willing to correct errant cross-references. Appalachian Power Co. v. E.P.A., 249 F.3d 1032, 1041 (D.C. Cir. 2001)(correcting internal cross reference in Clean Air Act due to a scrivener's error).

49 U.S.C. § 14704(a)(2).[4] The limitations period for § 14704[5] actions generally is found in 49 U.S.C. § 14705. Section 14705(c) provides the only limitations period for § 14704 actions for damages and states: "[a] person must file a complaint with the Board or Secretary, as applicable, to recover damages under section 14704(b) within 2 years after the claims accrues." 49 U.S.C. § 14705(c). Thus, it appears that no statute of limitations, other than 28 U.S.C. § 1658, exists for actions arising under § 14704(a)(2).

There is a split among district courts[6] about whether to apply this literal interpretation. A majority of courts believe that § 14705 is unambiguous and prescribes no limitations period for damage actions. See, e.g., Smiley v. Smooth Operators, Inc., No. 06-C-146-C, 2006 WL 1896357, at * 3-5 (W.D. Wis. July 6, 2006); Owner-Operator Indep. Drivers Ass'n v. C.R. England, Inc., 325 F. Supp. 2d 1252, 1264-65 (D. Utah 2004); Owner-Operator Indep. Drivers Ass'n, Inc. v. Bulkmatic Transport Co., No. 03-C-7869, 2004 WL 1151555, at * 4-5 (N.D. Ill. May 3, 2004); Owner-Operator Indep. Drivers Ass'n v. Ledar Transport, No. 00-258-CV-W-FJG, 2004 U.S. Dist. Lexis 7869, at *16-18 (W.D. Mo. Jan. 7, 2004). Other district courts hold that a literal reading of § 14705 creates an absurd result and, after examining the legislative history, find that Congress intended to create a two year statute of limitations. See Fitzpatrick v. Morgan S., Inc., 261 F. Supp. 2d 978, 983-87 (W.D. Tenn. 2003); Owner-Operators Indep. Drivers Ass'n, Inc. v. Mayflower Transit, Inc., No.

---

[4]The Eighth Circuit, partially relying on legislative history, held that Congress intended this section to create a private right of action for damages. Owner-Operator Indep. Drivers Ass'n v. New Prime, Inc., 192 F.3d 778, 781-85 (8th Cir. 1999)(*New Prime I*).

[5]Section 14704(a)(1) authorizes private actions to enforce the orders of either the Secretary of Transportation or the Surface Transportation Board. Section 14704(b) authorizes private actions to recover overcharges.

[6]No court of appeals has ruled on this issue.

IP 98-457-C B/S (S.D. Ind. Dec. 14, 2004) (Def.'s Ex. C).[7] In dicta, the Surface Transportation Board, the agency charged with enforcing the ICCTA, has stated that Congress misplaced the damage action provision because it belongs in § 14704(b) instead of § 14704(a). Nat'l Ass'n of Freight Transp. Consultants, Inc.-Petition for Declaratory Order, 61 Fed. Reg. 60140, 60141 n. 3 (Nov. 26, 1996); See Chevron U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 844 (1984)(instructing that an agency's interpretation of a statute it administers is entitled to significant weight).

Upon consideration, the Court adopts the minority view because a plain reading of §14705 produces an absurd result that is contrary to a common sense interpretation of the ICCTA. A literal reading applies a statute of limitations for damages actions to the subsection authorizing overcharge actions. It is well settled that overcharge and damages actions are different types of actions. Davis v. Portland Seed Co., 264 U.S. 403, 420 (1924)(explaining that distinction between overcharge and damages goes back to English courts). A literal reading also creates the absurd result of having two conflicting statute of limitations for actions under §14704(b), but no statute of limitations for actions under § 14704(a)(2). See James C. Sullivan, Private Rights of Action to Enforce the Truth-in-Lending Regulations in Court, 32 Transp. L.J. 159, 167 (2005). Specifically, § 14705(c) prescribes a two year limitations period for damages actions, but it cross-references § 14704(b), which authorizes overcharge actions. Section 14705(b), however, creates an eighteen month statute of limitations for overcharge actions. Therefore, the Court will look to the ICCTA's legislative history to determine Congress' intent.

---

[7]Two cases, while deciding other issues, have recognized an absurd result occurs if § 14705(c) is applied literally. See Renteria v. K & R Transp., Inc., No. 98-CV-290 MPR, 1999 WL 33268638, at * 5 (C.D. Cal. Feb. 23, 1999); DeBruce Grain, Inc. v. Union Pac. R.R. Co., 983 F. Supp. 1280, 1284 (W.D. Mo. 1997).

The ICCTA's legislative history indicates that § 14704(a)(2) was originally located at § 14704(b)(2) in both the House of Representatives' ("House") and Senate's version of the bill. See Fitzpatrick, 261 F. Supp. 2d at 983(providing thorough and persuasive discussion of the ICCTA's legislative history). Evidently, it was moved after an amendment to the bill in the House, but the references to it in § 14705(c) was not changed. 141 Cong. Rec. H. 12248, 12253-12307 (Nov. 14, 1995). This move appears to have been purely technical as the text remained unchanged and the Congressional Record provides no reason for the move. Fitzpatrick, 261 F. Supp. 2d. at 983. The most compelling legislative history, however, is the conference report. See Sierra Club v. Clark, 755 F.2d 608, 615-16 (8th Cir. 1985)(stating that "[b]ecause a conference report represents the final statement of terms agreed to by both houses, next to the statute itself it is the most persuasive evidence of congressional intent."). It states that "[§ 14705] preserves the current relevant statutes of limitations for bringing suits by or against carriers and makes the time uniform for all types of traffic." H.R. Conf. Rep. No. 104-422, at 222 (1995) reprinted in 1995 U.S.C.C.A.N. 850, 906-07. This statement contains two notable comments. First, § 14705 was supposed to "preserve the current relevant statutes of limitations." Prior to the ICCTA's passage, the applicable statute of limitations was two years. See 49 U.S.C. §§ 11705(b)(2), 11706(c)(1) (1994). Also, the conference report stated that § 14705 makes "the time uniform for all types of traffic." The ICCTA provides a two year statute of limitations for damage actions against rail and pipeline carriers. See 49 U.S.C. § 11704(b)-(c)(rail carriers); 49 U.S.C. § 15905(b)-(c)(pipeline carriers).

Because the legislative history shows Congress intended to enact a two year statute of limitations, the Court will correct the scrivener's error to give effect to Congress' intent. Thus, a private action for damages under § 14704(a)(2) is subject to the limitations period prescribed in § 14705(c). Therefore, any claim arising before February 16, 2003 is time barred.

**B.     § 14704 not Retroactively Applied**

As previously stated, Defendant asserts that Plaintiffs cannot recover on any leases executed before January 1, 1996 because the right to bring a private action is not retroactive. Plaintiffs allege[8] that the Eighth Circuit's controlling precedent is wrongly decided.

The ICCTA became effective on January 1, 1996. See Pub. L. No. 104-88, 109 Stat. 803 (1995). The Eighth Circuit holds that § 14704 is not retroactively applied. Owner-Operator Indep. Drivers Ass'n, Inc. v. New Prime, Inc., 339 F.3d 1001, 1006 (8th Cir. 2003)(*New Prime II*) cert. denied 541 U.S. 973 (2004). The Ninth Circuit, the only other circuit to rule on this issue, agrees with *New Prime II*. Rivas v. Rail Delivery Serv., Inc., 423 F.3d 1079, 1084-85 (9th Cir. 2005).

Upon consideration, the Court finds that any plaintiff who executed his lease with Defendant before January 1, 1996 is precluded from recovery. Despite Plaintiffs' assertion that *New Prime II*'s reasoning is "incorrect," "cursory," and "absurd,"(Doc. No. 57 pg. 10-12), it is the controlling precedent for this Court. Hood v. United States, 342 F.3d 861, 864 (8th Cir. 2003)(district court must follow Eighth Circuit precedent). Thus, the Court will grant Defendant's Motion for Partial Summary Judgment.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Amended Motion for Partial Summary Judgment (Doc. No. 73) is **GRANTED**.

---

[8]Plaintiffs also allege that Defendant has not met its burden of production on this issue. This argument is meritless. Plaintiffs bring this action on "behalf of themselves and all similarly-situated owner-operators ... who were parties to leases with ... United's authorized agents."(First Am. Compl., Doc. No. 50 ¶ 14). This language could refer to any owner-operator that ever executed a lease with Defendant.

Dated this 13th day of March, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE