UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| OWNER-OPERATOR INDEPENDENT DRIVERS ASSOCIATION, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:06-CV-219 (JCH) |
| UNITED VAN LINES, LLC, | ) ) ) | |
| Defendant. | ) | |

## ORDER

The matter is before the Court on Plaintiff Matthew Bullard's ("Bullard") Motion for Voluntary Dismissal with Prejudice (Doc. No. 77),[1] filed April 2, 2007, and Plaintiffs Owner-Operator Independent Drivers Association ("OOIDA"), Norman Pelletier, and Dennis Lee's Motion for Voluntary Dismissal with Prejudice (Doc. No. 79), filed April 3, 2007. The matter is fully briefed and ready for disposition.

## BACKGROUND

Plaintiffs, putative members of a class of owner-operators, allege that their leases with Defendant violated the federal Truth-in-Leasing regulations, 49 C.F.R. § 376, which are enforceable by private action under 49 U.S.C. § 14704. (Am. Compl., Doc. No. 50 ¶ 1, 14). Plaintiffs' Complaint included the following counts: (I) failure to calculate owner-operator compensation properly; (II) failure to provide proper documentation relevant to compensation; (III) unlawful pass-through of

---

[1] The Court originally granted this motion (Doc. No. 83); however, Defendant has strenuously objected. Therefore, the Court will reconsider its Order.

- 1 -

PL/PD insurance costs; and (IV)failure to monitor and control the actions of local agents. (Compl., Doc. No. 1).

Defendant filed a Motion to Dismiss, which was granted as to Counts III and IV. (Court's Order of July 6, 2006, Doc. No. 44). Defendant then filed a Motion to Stay to Refer to Arbitration, which the Court granted after determining that Bullard was required to arbitrate his claims. (Order of Nov.15, 2006, Doc. No. 66). On March 5, 2007, the Court lifted the stay after learning that Bullard had not initiated arbitration proceedings. (Doc. No. 69). Shortly thereafter, Defendant filed a Motion for Partial Summary Judgment (Doc. No. 71), which the Court granted. (Order of March 13, 2007, Doc. No. 76). The Court held that Plaintiffs' claims must be based on leases executed after January 1, 1996. (Id.). Additionally, any claim arising before February 16, 2003 is time-barred. (Id.).

On April 2, 2007, roughly a month before class certification was to begin, Bullard filed a motion for voluntary dismissal with prejudice. (Doc. No. 77). Bullard wanted to dismiss because he allegedly could not afford the arbitration costs. The other Plaintiffs filed a Motion for Voluntary Dismissal with Prejudice the next day. (Doc. No. 79). They wanted to dismiss because this Court's previous rulings had "effectively terminated" their claims. (Id.). Plaintiffs further averred that no putative class members either relied on or have been prejudiced by the litigation. Defendant asserts that these motions are attempts to find a more favorable forum. Defendant also asserts that dismissing will prejudice potential class members and will not result in a final judgment.

**I.**     **Fed. R. Civ. P. 41(a)**

Rule 41 governs requests for voluntary dismissal and states, in relevant part:

Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the

counterclaim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.

Fed. R. Civ. P. 41(a)(2). The Court considers the following four factors when determining whether to grant a voluntary dismissal:

> (1) the defendant's effort and the expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, (3) insufficient explanation of the need to take a dismissal, and (4) the fact that a motion for summary judgment has been filed by the defendant.

See Witzman v. Gross, 148 F.3d 988, 992 (8th Cir. 1998). Usually, a request for voluntary dismissal with prejudice is granted. Alan Wright, et al., 9 Federal Practice & Procedure § 2367 (2007). Denial of a dismissal with prejudice is proper, however, where it would be unfair to defendant to dismiss the case. Gilbreth Int'l Corp. v. Lionel Lesiure, Inc., 587 F. Supp. 605, 614 (E.D. Pa. 1983).

Upon consideration, the Court will not grant Plaintiffs' motions for voluntary dismissal with prejudice. Defendant has put considerable effort and expense into defending against this lawsuit. See Hamm v. Rhone-Poulenc Rorer Pharm., Inc., 187 F.3d 941, 950-51 (8th Cir. 1999). Additionally, Plaintiffs have not provided a sufficient explanation for the need to take a dismissal. The vague assertion that previous orders have "effectively terminated" Plaintiffs' claims do not show a need to take a dismissal, especially when class certification is set to begin in May.[2] The Court believes that it would be unfair to Defendant to allow a voluntary dismissal under these circumstances.

The Court also questions whether granting Plaintiffs' motions would result in a final judgment. A decision is final and appealable only if "it ends the litigation on its merits and leaves nothing for the court to do but execute its judgment." Carlson v. Arrowhead Concrete Works, Inc.,

---

[2]Bullard's reason for dismissing is contradicts the arbitration agreement he supposedly signed. (See Order of Nov. 15, 2006, Doc. No. 66). It also appears that Bullard may have some claims that are not covered by the arbitration agreement. (Doc. No. 83). Under these circumstances, dismissing Bullard's claims at this time would not be proper.

445 F.3d 1046, 1052 (8th Cir. 2006); Hope v. Klabal, 457 F.3d 784, 789 (8th Cir. 2006)(defining a final decision as when the district court makes "some clear and unequivocal manifestation ... of its belief" that its decision has ended the case). OOIDA's suggestion that this Court's previous orders have "effectively terminated" its claims is not enough to create a final judgment. Even if it did create a final judgment, the Court would still be required to resolve Defendant's counterclaims. See Fed. R. Civ. P. 41(a)(2). Requiring the case to go forward under these circumstances would result in a waste of judicial resources. Hamm, 187 F.3d at 950-51. Thus, Plaintiffs' motions will be denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the Court's Order of April 3, 2007 (Doc. No. 81) is **VACATED.**

**IT IS FURTHER ORDERED** that Matthew Bullard's Motion for Voluntary Dismissal with Prejudice (Doc. No. 77) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Owner-Operator Independent Drivers Association, Norman Pelletier, and Dennis Lee's Motion for Voluntary Dismissal with Prejudice (Doc. No. 79) is **DENIED** without prejudice.

Dated this 24th day of April, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE