UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OWNER-OPERATOR INDEPENDENT DRIVERS ASSOCIATION, INC., et al., Plaintiffs, vs. UNITED VAN LINES, LLC, Defendant. | Case No. 4:06-CV-219 (JCH) |

### MEMORANDUM AND ORDER

The matter is before the Court on Defendant's Motion to Strike Plaintiffs' Class Allegations after Sixty Days (Doc. No. 87), filed May 15, 2007. Plaintiffs have not responded.

On March 3, 2007, the Court entered an Amended Case Management Order requiring Plaintiffs to file their motion for class certification no later than May 14, 2007. (Doc. No. 70). To date, no motion for class certification has been filed.

This Court has the power to "establish reasonable times for the filings of documents," and if those deadlines are not met, it has the "discretion to dismiss all or part of the suit." See Grandson v. Univ. of Minn., 272 F.3d 568, 574 (8th Cir. 2001) (quoting Burkhalter v. Montgomery Ward & Co., 676 F.2d 291, 294 (8th Cir. 1982)). For example, striking class allegations is appropriate if a motion for class certification is not timely filed. Id.; see Price v. United Guar. Residential Ins. Co., No. Civ. A 3:03-CV-2643-G, 2005 WL 265164, at * 3 (N.D. Tex. Feb. 2, 2005) (collecting cases striking class allegations for failure to file a motion for certification).

Plaintiffs failed timely to file a motion for class certification and have provided no reason to excuse this failure. As such, the Court will strike Plaintiffs' class allegations from the Complaint.[1]

Striking the class allegations raises another issue. Plaintiff Owner-Operators Independent Drivers Association ("OOIDA") can no longer maintain its cause of action against Defendant because it is suing solely "in a representative capacity ... on behalf of the proposed class of owner-operators, including those who are its members." (Compl., Doc. No. 1). As such, the Court will dismiss OOIDA.

Finally, the Court will issue a new case management order for the remaining Plaintiffs Norman Pelletier and Dennis A. Lee.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike Plaintiffs' Class Allegations (Doc. No. 87) is **GRANTED** and Plaintiffs' class allegations are **DISMISSED**.

**IT IS FURTHER ORDERED** that Plaintiff Owner-Operators Independent Drivers Association are **DISMISSED**.

**IT IS FURTHER ORDERED** that the remaining parties shall proceed pursuant to the Second Amended Case Management Order, which the Court will issue.

Dated this 27th day of July, 2007.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[1] The Federal Rules of Civil Procedure require that a class must receive notice of any voluntary dismissal, settlement, or compromise. Fed. R. Civ. P. 23(e). Because the striking of class allegations does not fall into one of these categories, no notice is required. See Alan Wright, et al., Federal Practice & Procedure § 1797 (2007).